UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:21-cv-5301-SB (SK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Curtis Sawyer v. United States of America et al. | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff Curtis Sawyer is a federal inmate seeking to proceed in forma pauperis with a *Bivens* action against the United States, the federal Bureau of Prisons ("BOP"), and federal prison staff for alleged Eighth Amendment violations while he was temporarily housed in a hold-over unit at FCI Victorville. (ECF 1).[1] Plaintiff has since been transferred to FCI Safford and is no longer housed at FCI Victorville. (ECF 2 at 1). Still, he alleges that during his time there, he was served food with insufficient calories and provided no laundry services. (ECF 1 at 2). Because he seeks to proceed in forma pauperis, the Court must screen Plaintiff's complaint to "identify cognizable claims"—meaning those that are neither "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," nor seek "monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b).

At the outset, Plaintiff's *Bivens* action cannot proceed against the United States and its agencies like the BOP. These defendants enjoy sovereign immunity against any *Bivens* action for monetary damages. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Nor can Plaintiff sue any of the named defendants, including the United States and the BOP, for injunctive relief, even though the federal government has waived its sovereign immunity for such equitable claims. *See* 5 U.S.C.A. § 702. That is because Plaintiff has been transferred to another federal prison, mooting the need for injunctive relief at the prior prison. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001).

---

[1] Plaintiff initially filed suit with six other inmates also then housed at FCI Victorville. But because their claims could not be joined in one suit, Plaintiff's action was severed (as were the others) and reopened for him alone under this case number. (ECF 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-5301-SB (SK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Curtis Sawyer v. United States of America et al. | | |

Plaintiff can, in theory, maintain a *Bivens* action against the individual defendants in their personal capacities. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). But that theory has no purchase here for many reasons. First, the complaint contains no non-conclusory facts plausibly suggesting how the individual defendants caused or contributed to the alleged Eighth Amendment violations in food nutrition or laundry amenities. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff alleges that Officer Beam ridiculed his food complaints by suggesting that he could stand to lose a few pounds. (ECF 1 at 2). But even if true, that kind of comment cannot give rise to an Eighth Amendment violation. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (disrespectful words generally do not violate the Eighth Amendment). Nor does it matter for the Eighth Amendment that Officer Beam allegedly threatened to put inmates in isolation if they complained about prison conditions. (ECF 1 at 2). Even if true, that kind of conduct is not prohibited by the Eighth Amendment. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (allegations of verbal threats alone are insufficient to state an Eighth Amendment claim). And to the extent that Plaintiff's claims against the remaining defendants—named or not—turn on their alleged "failure to train" Officer Beam, that too is an inadequate pleading. Government officials may not be held liable for the unconstitutional conduct of others by merely being their supervisors. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Even if Plaintiff could somehow overcome these factual pleading deficiencies, his complaint also suffers from substantive legal problems. To start, Plaintiff's right to recover under *Bivens* is tenuous at best. The U.S. Supreme Court has strongly cautioned courts against extending *Bivens* remedies for Eighth Amendment claims not involving prison medical care. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017); *Carlson*, 446 U.S. at 25. In fact, the "Supreme Court has never explicitly recognized a *Bivens* remedy for an Eighth Amendment conditions of confinement claim." *Camillo-Amisan v. Fed. Bureau of Prisons*, 2019 WL 8138040, at *8 (C.D. Cal. Oct. 4, 2019); *accord Schwarz v. Meinberg*, 761 Fed. App'x 732, 734 (9th Cir. 2019). *But cf. Reid v. United States*, 825 Fed. App'x 442, 445 (9th Cir. 2020). Even if Plaintiff had a *Bivens* remedy here, he would need to describe a prison condition that is "objectively, sufficiently serious" by depriving him of the "minimal civilized measure of life's necessities." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009). On top of which Plaintiff must allege that prison officials acted "with deliberate indifference to [his] health or safety." *Id.* Yet none of Plaintiff's allegations here—that the meals at FCI Victorville were too small (or lacked condiments and beverages), and that its laundry services were subpar compared to other prisons—can plausibly rise to the level of an Eighth Amendment violation. *See, e.g., LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-5301-SB (SK) | Date | September 14, 2021 |
|---|---|---|---|
| Title | Curtis Sawyer v. United States of America et al. | | |

that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."). What is more, Plaintiff never specifies how many calories the meals contained, how much weight he lost, or even whether his health was impacted at all.

Finally, even if Plaintiff could cure all these deficiencies just outlined, he admits that he failed to exhaust his administrative prison remedies. (ECF 1 at 3). But before filing a civil rights lawsuit in federal court, Plaintiff must exhaust his administrative remedies first. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). While the complaint alleges that Officer Beam refused to supply *other* inmates with required grievance forms, Plaintiff successfully filed a grievance at the first level of administrative review. (ECF 1 at 1-2). But without complete exhaustion of all those review procedures, Plaintiff's suit is subject to dismissal for lack of administrative exhaustion. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **Thursday, October 14, 2021**, why his in forma pauperis application should not be denied and his complaint dismissed. If Plaintiff wishes to proceed with this action, he must file either an amended complaint that cures the deficiencies described above or a response to this order explaining why it is wrong. On the other hand, if Plaintiff cannot cure the deficiencies outlined here or if he just no longer wishes to pursue this action for any reason, he may voluntarily dismiss it using the attached form CV-09. Prisoner complaints that are voluntarily dismissed do not count as strikes under 28 U.S.C. § 1915(g), which limits the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.

If Plaintiff files no notice of voluntary dismissal, amended complaint, or timely response to this order, this action may also be involuntarily dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**