UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SAWYER,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>            Defendant. | Case No. 2:21-cv-5301-SB (SK)<br><br>ORDER DISMISSING ACTION FOR LACK OF PROSECUTION |

Plaintiff Curtis Sawyer sues the United States, the federal Bureau of Prisons, and several federal correctional officials for alleged Eighth Amendment violations in the food and laundry services he received while temporarily housed at the Federal Correctional Institute in Victorville, California.  (ECF 1, 3).  Because his complaint has several pleading deficiencies, Plaintiff was ordered to show cause under 28 U.S.C. § 1915A why the complaint should not be dismissed on those grounds.  (ECF 6).  That order also warned Plaintiff that failure to respond may lead to involuntary dismissal of this action for lack of prosecution.  (Id. at 3).  Yet, as of this order, Plaintiff has filed nothing in response to the order to show cause.  The Court must therefore dismiss the action for Plaintiff's failure to prosecute. See Fed. R. Civ. P. 41(b); L.R. 41-1; L.R. 7-12.

The Court may dismiss a case for failure to prosecute after it has considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All these factors support dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Second, unprosecuted actions still consume time that the Court could otherwise devote to its heavy docket of cases. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Third, a rebuttable presumption of prejudice to Defendants arises when Plaintiff delays prosecution of his complaint. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Fourth, while public policy favors disposition on the merits, it remains Plaintiff's responsibility to move the case toward a merits disposition. See Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.), 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, no sanction less drastic than dismissal is feasible. The Court's warning to Plaintiff of the adverse consequences, including involuntary dismissal, for failure to prosecute already served as an intermediate sanction. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court has received no notice of undeliverable mail or address change to suggest that Plaintiff may not have seen that warning in the order to show cause. And, of course, given Plaintiff's status as a pro se prisoner, monetary sanctions are inappropriate and impractical. See, e.g., Stuart v. Hughes, WL 1364927, at *3 (C.D. Cal. Apr. 4, 2014).

For all these reasons, the complaint is ordered DISMISSED for lack of prosecution.  Judgment dismissing this action without prejudice will be entered accordingly.

IT IS SO ORDERED.

Dated:  November 9, 2021

_____
Stanley Blumenfeld, Jr.
United States District Judge

PRESENTED BY:

_____
STEVE KIM
U.S. MAGISTRATE JUDGE